FILED
CLERK, U.S. DISTRICT COURT

FEB 1 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOTUS PROPERTY SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LALITA TITO, et al., <br><br> Defendants. | No. CV 13-793-UA (Duty) <br><br> **ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

On February 5, 2013, defendant Manuel Tito ("defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis.

Defendant's notice of removal of this state court unlawful detainer action is insufficient to overcome the "strong presumption against removal jurisdiction" and to meet the removing party's burden of "establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted); see 28 U.S.C. § 1441; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).

Defendant asserts that this action is removable under 28 U.S.C. § 1443(1), which authorizes removal of a state civil action or criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" "[T]he ground for removal [under section 1443(1)] is both specific and extremely narrow." Davis v. Super. Ct. of State of Cal., 464 F.2d 1272, 1273 (9th Cir. 1972). A removal petition under section 1443(1) must satisfy a two-part test. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (quoting California v. Sandoval, 434 F.2d 635, 636 (9th Cir.1970) (per curiam), and citing City of Greenwood v. Peacock, 384 U.S. 808, 824-828 (1966); Georgia v. Rachel, 384 U.S. 780, 788-792, 794-804 (1966)); see Johnson v. Mississippi, 421 U.S. 213, 219 (1975).

Defendant alleges that removal is proper under section 1443(1) due to "[d]enial of due process in Unlawful Detainer," and that "the rules of evidence and civil procedure are applied without equal protection." Even assuming that defendant's bald allegation of an "equal protection" violation satisfied his obligation to allege "rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights," defendant has not alleged that the state courts will not enforce those rights with reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Patel, 446 F.3d at 999; see Golden Union Properties, LLC v. Amesquita, 2011 WL 321095, at *4 (C.D. Cal. Jan. 26, 2011) (remanding the case to state court because the defendant's allegation that his "[c]onstitutionally guaranteed rights to due process and a fair hearing" were "abrogated or rendered non-existent" by an unlawful detainer action were "insufficient to invoke the court's jurisdiction under § 1443," and collecting cases).

1  Moreover, defendant does not allege that complete diversity of citizenship exists between the parties (see 28 U.S.C. § 1332(a)(1)-(4)), and he cannot satisfy the requirement that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). "[W]hen the state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with legal certainty" that the jurisdictional amount is met. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (quoting Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007)). The unlawful detainer complaint, which was filed on October 22, 2012, demands damages at the rate of $51.67 per day from October 22, 2012, for each day that defendants remain in possession through entry of judgment. Accordingly, defendant has not met his burden to prove to a "legal certainty" that the jurisdictional amount is in excess of $75,000. See 28 U.S.C. §§ 1332, 1441(b); Guglielmino, 506 F.3d at 699-701. Neither does the Complaint raise any federal legal question. See 28 U.S.C. § 1331.

As defendant does not competently allege facts supplying either jurisdiction under 28 U.S.C. § 1443(1), or federal question or diversity jurisdiction, the Court lacks subject matter jurisdiction over the instant action. See 28 U.S.C. § 1441(a); Exxon Mobil Corp., 545 U.S. at 563. Removal of this action is therefore improper. See 28 U.S.C. § 1441(a); Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).

Defendant is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct that the Court will address by way of punitive remedial measures, which may include having defendant designated as a vexatious litigant and barred from commencing any further removal actions with respect to the underlying state unlawful detainer action.

/
/
/
/
/
/

Accordingly, **IT IS ORDERED** that this matter be **remanded** to the Superior Court of California, Los Angeles County, East District Courthouse, 1427 West Covina Parkway, West Covina, CA 91790, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). **IT IS FURTHER ORDERED** that the Clerk of the Court send a certified copy of this Order to the state court and serve copies of this Order on all parties or their counsel.

DATED: 2/10/13

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE